# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC, *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered) |
| RUBY TUESDAY OPERATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LENOX OUTDOOR & ADVERTISING, LLC,<br><br>Defendant. | Adv. Proc. No. 21-51023 (JTD)<br><br>RE: Adv. D.I. 37 |

## SCHEDULING ORDER

The Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 7016-1 on October 28, 2021, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

**IT IS ORDERED** that:

1. <u>Rule 7026(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Bankruptcy Rule 7026(a)(1) within 7 days of the date Defendant answers the complaint. If they have not already done so, the parties are to

---

[1] The Reorganized Debtors in these chapter 11 cases and the last four digits of each Reorganized Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966) and Ruby Tuesday, Inc. (5239). On August 26, 2021, the Court entered an order closing certain chapter 11 cases of RTI Holding Company, LLC's debtor affiliates, all of which were direct or indirect subsidiaries of RTI Holding Company, LLC (collectively, the "<u>Subsidiary Debtors</u>"). *See* D.I. 1667. A complete list of the Subsidiary Debtors, along with the last four digits of their federal tax identification numbers, can be found at the following web address: https://dm.epiq11.com/case/rubytuesday. The Reorganized Debtors' mailing address is 216 East Church Avenue, Maryville, TN 37804.

{01721248;v3}  1

review Local Rule 7026-3, Discovery of Electronic Documents, which is incorporated herein by reference.

2. <u>The Cure Claim</u>. On December 16, 2020, Lenox filed a proof of claim (Claim No. 10556) (the "<u>Cure Claim</u>") against the Debtors asserting a general unsecured claim in the amount of $869,467.42 based on the Lease. The Cure Claim alleges that $609,759.42 is necessary to cure defaults under the Lease as of the Petition Date.

3. <u>The Cure Objection</u>. On January 28, 2021, Lenox filed its *Objection of Lenox Outdoor and Advertising, LLC to Assumption, Cure Amount and Potential Assignment* [D.I. 954] (the "<u>Cure Objection</u>") alleging that the Debtors are currently in default under the Lease for failure to pay rent and other charges currently due and owing, including rent coming due since the Petition Date and back rent in the amount of $649,759.42.

4. <u>The Claim Objection</u>. On September 28, 2021, the Reorganized Debtors filed the *Reorganized Debtors' Seventeenth Omnibus Objection (Substantive) to (I) Certain No Liability Claims and (II) Request for Limited Waiver of Local Rule 3007-1(f)(iii), to the Extent Such Rule May Apply* [D.I. 1731] (the "<u>Omnibus Claim Objection</u>") seeking entry of an order disallowing and expunging the Cure Claim based on no liability. Lenox filed a response to the Omnibus Claim Objection on October 14, 2021 [D.I. 1174].

5. <u>Consolidation</u>. The parties agree that this Scheduling Order shall apply to the Cure Claim, Cure Objection and Omnibus Claim Objection, which shall be consolidated and adjudicated in connection with the pending Adversary Proceeding. For the avoidance of doubt, any deadlines related to the Cure Claim, Cure Objection and Omnibus Claim Objection are hereby adjourned pending resolution of the Adversary Proceeding.

6. <u>Discovery</u>.

a. The parties are expected to conduct discovery consistent with Local Rule 7026-1 and Federal Rules of Civil Procedures 26 through 37.

b. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before February 1, 2022.

c. <u>Document Production</u>. Document production shall be substantially complete by December 31, 2021.

d. <u>Requests for Admission</u>. A maximum of 25 requests for admission are permitted for each side.

e. <u>Interrogatories</u>.

   i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

   ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

f. <u>Depositions</u>.

   i. Limitation on Depositions. Each side is limited to a total of 6 depositions per side, including depositions of third parties, unless otherwise agreed to by the parties or ordered by the Court.

   ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must

ordinarily be required, upon request, to submit to a deposition at a place designated within this district. The parties agree that depositions may be conducted remotely by electronic means. Additional exceptions to this general rule may be made by agreement of the parties or by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    g.    <u>Disclosure of Expert Testimony</u>.

        i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 21, 2022. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 14, 2022. Reply expert reports from the party with the initial burden of proof are due on or before March 23, 2022. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the

deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    h.    <u>Discovery Disputes</u>.

        i.    Del. Bankr. L.R. 9013-1(b) notwithstanding, the parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute following an appropriate meet and confer, the party seeking the relief shall contact chambers at (302)533-3169, extension 3 to schedule a telephone conference. The Court will attempt to resolve the dispute before the need to engage in motion practice. If the dispute cannot be resolved during the initial teleconference, the Court will set appropriate briefing based upon the issues to be addressed.

7.    <u>Mediation</u>. Pursuant to Del. Bankr. L.R. 9019-5, this matter is assigned to mediation. No later than November 29, 2021, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

    a.    Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediators certificate of completion, of (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8.    <u>Motions to Amend</u>.

    a.    Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to

exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

  b.  Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

  c.  Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

  9.  <u>Motions to Strike</u>.

  a.  Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

  b.  Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

  c.  Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

  10.  <u>Application to Court for Protective Order</u>. In the event it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. If counsel are unable to reach an agreement on a proposed form of order, counsel must first follow the provisions of Paragraph 3(h) above.

  Any proposed order should include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

11. Papers Filed Under Seal. When filing papers under seal, counsel shall also file a redacted version and provide Chambers with electronic copies of both versions.

12. Courtesy Copies. Counsel shall provide to Chambers electronic copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

13. Interim Status Report. On or before December 29, 2021, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

14. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 16, 2022. Briefing will be presented pursuant to Del. Bankr. L.R. 7007-1.

15. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should comply with Del. Bankr. L.R. 7007-1 through 7007-4.

16. Pretrial Conference. On April 26, 2022, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Bankruptcy Rule 7026(a)(3). The parties shall file with the Court the joint

proposed final pretrial order with the information required by the Court's form of Final Pretrial Order no later than five (5) business days prior to the Final Pretrial conference.

17. <u>Motions in Limine</u>. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

18. <u>Pre-Trial Briefs</u>. The parties may jointly agree to file pre-trial briefs not to exceed thirty (30) pages. Pre-trial briefs shall be filed no later than five (5) business days prior to trial. The Court may also order pre-trial briefing.

19. <u>Trial</u>. The Court will set a trial date for this matter during the Final Pre-Trial Conference.

**Dated: November 8th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**